Mr. Bobby Norman, Director Commission on Law Enforcement Standards and Training P.O. Box 3106 East camden, AR 71701
Dear Mr. Norman:
This is in response to your request for an opinion regarding a law enforcement officer's authority to make a warrantless arrest in misdemeanor domestic abuse cases that occur outside the officer's presence. You indicate that the focus of your question is whether the Arkansas Code or the rules of the Supreme Court control in such situations.
Your specific question is as follows:
 Can an officer make a warrantless arrest if he/she complies with the probable cause procedures as defined in domestic violence codes that cover warrantless arrests?
It is my opinion that, under the current status of state law, the answer to your question is "yes."
A provision of the Domestic Abuse Act of 1991, codified at A.C.A. § 16-81-113 (Cum. Supp. 1991), authorizes a law enforcement officer who has probable cause to believe a crime which constitutes domestic abuse has been committed within the preceding four hours to make a warrantless arrest. The provision specifically allows the officer to make such an arrest even if the incident did not take place in his or her presence. A.C.A. §16-81-113(a)(1).
The Rules of Criminal Procedure adopted by the Arkansas Supreme Court also allow for warrantless arrests in certain enumerated situations. See Rule 4.1, which addresses a law enforcement officer's authority to arrest without a warrant. Rule 4.1, however, makes no specific provision for warrantless arrests in cases involving misdemeanor domestic abuse.
The general rule regarding conflicts between statutory and court rules is set out in State v. Sypult, 304 Ark. 5, 800 S.W.2d 402
(1990). In that case, the supreme court stated that it has inherent rule-making power that is supreme with respect to rules of evidence and procedure. 304 Ark. at 7. In the event of a conflict between a court rule and a legislative enactment, the court will "defer to the General Assembly . . . only to the extent that the conflicting court rule's primary purpose and effectiveness are not compromised[.]" Id. Deference to legislation involving rules of evidence and procedure is given only to the extent the legislation is compatible with the court's established rules. 304 Ark. at 9.
Accordingly, the Arkansas Supreme Court has spoken to the issue of warrantless arrests in certain situations; it has not, however, included any rules specifically regarding such arrests in cases of domestic abuse. Section 16-81-113 does not, in my opinion, appear to compromise the primary purpose and effectiveness of A.R.Cr.P. 4.1. To allow warrantless arrests in cases of domestic abuse does not compromise an officer's authority to make warrantless arrests in the situations enumerated in Rule 4.1. The Supreme Court has, in fact, recently issued a Per Curiam on June 21, 1993, indicating that it had referred to the Committee on Criminal Practice for review, comment, and recommendation an amendment to the rules of criminal procedure to include such a warrantless arrest procedure for domestic violence cases. The amendment would conform the rules with statutes enacted by the legislature, including that set out at § 16-81-113, regarding warrantless arrests.
Thus, as § 16-81-113 does not appear to compromise the Supreme Court's rule on the subject of warrantless arrests, the statutory provision, which allows warrantless arrests in cases of domestic abuse, currently controls in such situations.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh